**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ALBERT EUGENE RICHMOND,**

**Petitioner,**

**v.**                                                    **CASE NO. 24-3137-JWL**

**DAN SCHNURR,**

**Respondent.**

**<u>NOTICE AND ORDER TO SHOW CAUSE</u>**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by

Petitioner and Kansas state prisoner Albert Eugene Richmond. The Court has conducted an initial

review of the Petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the

United States District Courts and will direct Petitioner to show cause in writing why this matter

should not be dismissed in its entirety because it was not timely filed. In addition, for the reasons

set forth below, Petitioner will be granted time in which to supplement his motion for leave to

proceed in forma pauperis with the required financial certification or, in the alternative, to pay the

$5.00 filing fee.

**Background[1]**

In 2007, a jury in Crawford County, Kansas convicted Petitioner of first-degree

premeditated murder, based on the October 2006 shooting of Tyrone Owens, and Petitioner was

sentenced to prison without the possibility of parole for 50 years. (Doc. 1, p. 1); *see also State v.*

---

[1] This recitation of the procedural history of Petitioner's litigation is based on the documents now before this Court
in this case and on the publicly available records of the Kansas courts. If Petitioner believes the Court has
misunderstood any of the relevant procedural history as set forth in this order, he should feel free to so inform the
Court in his response to this order.

*Richmond*, 289 Kan. 419, 422-23 (2009) (*Richmond I*). Petitioner pursued a direct appeal and, among other things, raised multiple challenges to the admission at trial of testimony by "drug force task agent Beth Brooks." *See Richmond I*, 289 Kan. at 424-30. As the Kansas Supreme Court (KSC) put it:

> Specifically, Brooks had interviewed Richmond in September 2004 as part of a cocaine investigation. Brooks testified that Richmond told her at that time that he did not sell crack cocaine. The prosecutor then asked, "What did he tell you his specialty was?" Brooks answered, "He said that he robbed and killed people."

*Id.* at 424.

Petitioner argued to the KSC that the trial court erred in admitting the testimony because its admission was barred by K.S.A. 60-455, K.S.A. 60-447, and K.S.A. 60-445. *Id.* Pointing out that Petitioner had failed to make the latter two arguments—that K.S.A. 60-447 and K.S.A. 60-445 barred the testimony—in the state district court as required, the KSC declined to consider them on appeal. *Id.* at 427-30. Ultimately, on July 24, 2009, the KSC issued its opinion confirming Petitioner's conviction and sentence. Petitioner advises this Court that he did not file a petition for certiorari in the United States Supreme Court. (Doc. 1, p. 3.)

From the available online records of the Crawford County District Court, it appears that on July 1, 2010, Petitioner filed his first motion for state habeas corpus relief under K.S.A. 60-1507. *See Richmond v. State*, Crawford County Case No. 2010-CV-000002. Petitioner asserted that he had received ineffective assistance from his trial counsel based, in part, on the failure to object to Brooks' testimony on the grounds that its admission would violate K.S.A. 60-445 and K.S.A. 60-447. The state district court appointed counsel to represent him (hereinafter referred to as "1507 counsel") and held an evidentiary hearing on the motion, after which it issued a written order denying relief. Petitioner appealed and the same attorney was appointed to represent him during the appeal.

2

On October 26, 2012, the Kansas Court of Appeals (KCOA) issued its opinion affirming the district court's denial of relief under K.S.A. 60-1507. *Richmond v. State*, 2012 WL 5366932 (Kan. Ct. App. Oct. 26, 2012) (*Richmond II*). Regarding Petitioner's argument that the district court had erred in denying his claim of ineffective assistance of counsel based on the admission of Brooks' testimony, the KCOA noted that the test for ineffective assistance of counsel requires a showing of prejudice. But Petitioner's appellate brief contained "no argument that under our statutes or caselaw the trial court should have sustained the objection if it had been made" and "no argument that had the district court overruled an objection based on K.S.A. 60-445 and K.S.A. 60-447, the Supreme Court would have found that the evidence was improperly admitted and reversed his conviction." *Id.* at *4. The KCOA held that Petitioner had "waived and abandoned the issue by" failing to adequately brief it. *Id.* at *4-5. No petition for review was filed.

On June 24, 2013, Petitioner filed in Crawford County District Court a second motion for relief under K.S.A. 60-1507. *See Richmond v. State*, Crawford County Case No. 2013-cv-000055. This time, he argued that trial counsel was ineffective for various reasons and that 1507 counsel was ineffective by failing to brief prejudice to the KCOA and by failing to file a petition for review. The district court held an evidentiary hearing on the motion and, on March 4, 2015, the district court issued its written journal entry. It first rejected Petitioner's claim that trial counsel had been ineffective. The court also found that although 1507 counsel's failure to fully brief the Brooks issue on appeal was deficient, Petitioner suffered no prejudice from that deficient representation because the KCOA "would have found harmless error due to the substantial amount of evidence of Richmond's guilt." Thus, the district court denied the 60-1507 motion to the extent that it was based on 1507 counsel's failure to fully brief the issue on appeal.

With respect to the issue of the petition for review, however, the district court held that

1507 counsel's failure to advise Petitioner that he had a right to file a petition for review was unconstitutional ineffective assistance of counsel that required no showing of prejudice. Thus, the district court granted relief on that issue only and granted Petitioner 30 days in which to file his petition for review of the KCOA opinion in the first 60-1507 proceeding.

At this point, the road through Petitioner's state-court proceedings split. He timely filed a petition for review of the KCOA's October 2012 opinion in the first 60-1507 proceeding. He also appealed the district court's March 2015 ruling in the second 60-1507 to the extent that it had denied relief. The KSC denied the petition for review of the KCOA's first 60-1507 opinion on February 18, 2016 and the KCOA took up the appeal of the March 2015 ruling.

On March 18, 2016, while the KCOA appeal was pending, Petitioner filed in this Court a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. *Richmond v. Heimgartner*, Case No. 16-3058-JWL, Doc. 1. On June 1, 2016, United States Senior District Judge Sam A. Crow issued an order in that matter stating:

> The petition shows petitioner is pursuing an appeal from the denial of his second state post-conviction action under K.S.A. 60-1507, *Richmond v. State*, Case No. 114536 (KS Ct. App.). That matter does not involve the claims presented in this petition. Because petitioner likely will be barred from raising additional claims in a future petition, he should consider whether he wishes to proceed in this matter or to dismiss it without prejudice.

*Richmond v. Heimgartner*, Case No. 16-3058-JWL, Doc. 4, p. 1 (footnote omitted). Judge Crow further pointed out that 28 U.S.C. § 2244 requires "a petitioner to obtain prior authorization from the appropriate federal court of appeals to proceed in a second or successive application for habeas corpus relief." *Id.* at 1, n.1. Thus, Judge Crow directed Petitioner "to advise the court . . . whether he wishes to proceed in the present matter or whether he prefers to dismiss this matter without prejudice to allow him to exhaust the claims he is pursuing in the Kansas Court of Appeals." *Id.* at 1.

4

On June 10, 2016, the Court received from Petitioner a response that stated:

> In response to order signed by U.S. Senior Judge Sam Crow in regards of above case number to dismiss 28 U.S.C. 2254 in order to exaust pending issues in Kansas Court of Appeals. Petitioner has additional IAC claims thats now in the Kansas Court of Appeals Case Number 16cv236 as well as postconviction DNA matters Case Number 06-CR-472-G.
>
> I will like to dismiss my 28 U.S.C. 2254 without prejudice while I exaust the claims in Kansas Court of Appeals.

*Richmond v. Heimgartner*, Case No. 16-3058-JWL, Doc. 5 (all errors in original).

Thus, on June 23, 2016, Judge Crow issued an order construing the response as "seek[ing] the dismissal of this matter without prejudice." *Richmond v. Heimgartner*, Case No. 16-3058-JWL, Doc. 6. Judge Crow granted the motion and dismissed the case without prejudice, but cautioned Petitioner that he had made "no finding on the time remaining on the limitation period under 28 U.S.C. § 2244(d)." *Id.* at 1. In a footnote, Judge Crow further emphasized: "Petitioner should present his claims in a future petition under 28 U.S.C. § 2254 without delay to avoid a possible time bar." *Id.* at 1 n.1.

On November 23, 2016, the KCOA issued its opinion in the appeal from the district court's denial in part of Petitioner's second 60-1507 motion. *Richmond v. State*, 2016 WL 6915148 (Kan. Ct. App. Nov. 23, 2016) (unpublished) (*Richmond III*), *rev. denied* July 25, 2017. It held that "any possible deficiency in the performance of [trial counsel] or [1507 counsel] resulted in no legal prejudice to Richmond in light of the compelling evidence of his guilt." *Id.* at *1. Thus, it affirmed the denial by the district court. Petitioner filed a petition for review, which the KSC denied on July 25, 2017.

On August 8, 2024, Petition filed a "motion to proceed" in his closed federal habeas case in this Court, in which he stated only that the case had been "dismissed without prejudice to avoid the possible future bar of claims petitioner was pursuing in sta[t]e post-conviction action" and

"[t]he Court made no finding on the time remaining to file." *Richmond v. Heimgartner*, Case No. 16-3058-JWL, Doc. 8. The case was then reassigned to the undersigned, who on August 12, 2024, issued an order construing the motion as one to reopen the closed case. *Richmond v. Heimgartner*, Case No. 16-3058-JWL, Doc. 8.

The order explained that a dismissal without prejudice so that a state prisoner seeking federal habeas relief may exhaust available state-court remedies is different than a stay of the federal habeas proceedings. *Id.* at 2. Because Petitioner had not shown the exceptional circumstances required to reopen the closed case, the Court denied the request to reopen. *Id.* It did, however, direct the clerk to take the documents filed with the motion to proceed and file them as a new federal habeas action. That filing is what began the case now before this Court.

**Motion to Proceed without Prepayment of Fees (Doc. 3)**

With his motion to proceed and petition, Petitioner filed a motion for leave to proceed in forma pauperis, which means without paying the filing fee, and a supporting affidavit, which were also filed in this case at the Court's direction. (Docs. 3, 3-1, and 3-2.) Rule 3(a)(2) of the Rules Governing § 2254 Cases in the United States District Courts requires that when a state prisoner files a motion for leave to proceed in forma pauperis, he or she must also file the required supporting affidavit "and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rules Governing § 2254 Cases, Rule 3, 28 U.S.C.A. foll. § 2254. Similarly, Local Rule 9.1(g)(2)(A) provides:

> Where a petitioner, movant, or plaintiff is an inmate of a penal institution and desires to proceed without prepayment of fees, he or she must also submit a certificate executed by an authorized officer of the institution in which he or she is confined. The certificate must state the among of money or securities on deposit to his or her credit in any account in the institution.

6

D. Kan. R. 9.1(g)(2)(A).

Petitioner has not submitted the required certificate and will be given time in which to do so. If he fails to either submit the required certificate or pay the $5.00 filing fee for this matter on or before September 23, 2024, this action may be dismissed without further prior notice to Petitioner.

## Rule 4 Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## Timeliness

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes—making a judgment "final"— when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Rule 13(1) of the Rules of the Supreme Court of the United States allows ninety days from the date of the conclusion of direct appeal to seek certiorari, and the Tenth Circuit has explained that "if a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [her] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003).

In this matter, the KSC decided Petitioner's direct appeal on July 24, 2009. *See Richmond I*, 289 Kan. at 419. Petitioner therefore had until and including October 22, 2009[2] to file a petition for certiorari in the United States Supreme Court. As noted above, Petitioner has advised that he did not file a petition for certiorari, so on October 23, 2009, the one-year AEDPA limitation period began to run. Under the "anniversary method" used in the Tenth Circuit, unless Petitioner is entitled to tolling or an exception to the statute of limitations, which are discussed below, the final

---

[2] Rule 30 of the Rules of the Supreme Court of the United States explains that "the day of the act, event, or default from which the designated period begins to run is not included" but "[t]he last day of the period shall be included, unless it is a Saturday, Sunday, federal legal holiday" or another day on which the court is closed. For Petitioner, the 90-day period to file a petition for certiorari therefore began on July 25, 2009 and ran through October 22, 2009.

day for Petitioner to timely file his § 2254 petition in this Court was October 23, 2010. *See Hurst*, 322 F.3d at 1260. Since that was a Saturday, the final day to timely file was the following Monday, October 25, 2010.

The AEDPA also includes a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, that means that the one-year AEDPA limitation period was tolled, or paused, when Petitioner filed his K.S.A. 6-1507 motion on July 1, 2010. The Tenth Circuit has explained that when this type of statutory tolling applies, the number of days that the relevant state-court matter is pending "is added to the one-year anniversary date to establish the final deadline for filing a § 2254 application in federal court." *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. Nov. 30, 2011) (unpublished) (citing *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011)).

In this particular case, however, the complex procedural history in the state courts makes it difficult to determine the precise amount of statutory tolling to which Petitioner is entitled. Generally speaking, to determine how long a K.S.A. 60-1507 proceeding was pending, this Court looks at the date on which the KSC denied relief or, if no petition for review was filed, this Court takes the date on which the KCOA denied relief and adds 30 days to account for the period in which the petitioner could have filed a petition for review. *See* Kan. S. Ct. R. 8.03(b)(1) (setting jurisdictional 30-day period for filing petition for review); *Kelley v. Pyror*, 2014 WL 6863481, *2 & n.13 (D. Kan. Dec. 3, 2014) (unpublished) (citing *Carey v. Safford*, 536 U.S. 214, 219-20 (2002), and *Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007)). Applied to this case, that would make the

date on which Petitioner's first K.S.A. 60-1507 proceeding was final November 26, 2012.[3] If the one-year federal limitations period began the following day, it would have expired on approximately March 20, 2013.[4] Petitioner did not file his first § 2254 petition in this Court until June 2016.

But, as detailed above, Petitioner later filed in Crawford County District Court a second motion for relief under K.S.A. 60-1507 claiming ineffective assistance by 60-1507 counsel by not advising him of his right to file a petition for review. *See Richmond v. State*, Crawford County Case No. 2013-cv-000055. And the Kansas district court agreed, holding that the failure to file a petition for review was caused by ineffective assistance of counsel that violated Petitioner's federal constitutional rights. Accordingly, after Petitioner pursued his second, partly successful K.S.A. 60-1507 motion, the KCOA withdrew its mandate in the first K.S.A. 60-1507 proceeding and Petitioner then filed a petition for review, which was not denied until February 18, 2016.

The Court is inclined at this early point in these proceedings to assume without deciding that the time between the KCOA's opinion in Petitioner's first K.S.A. 60-1507 proceeding and the KSC's ultimate denial of the petition for review of that opinion should be equitably tolled.[5] The one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Arguably, the ineffective assistance of 1507 counsel could provide the sort of exceptional circumstances that warrant equitable tolling.

---

[3] Thirty days after October 26, 2012, which was when the KCOA issued its opinion is November 25, 2012. Because that is a Sunday, the time to file a petition for review extended through the next business day, which was Monday, November 26, 2012.

[4] The period from July 1, 2010—when Petitioner filed his first 60-1507—to November 26, 2012—when the time expired to file a petition for review in that action—is a total of 880 days. When 880 days is added to the original federal habeas deadline of October 22, 2010, the new deadline is March 20, 2013.

[5] This assumption is not binding and if this case progresses to the point at which Respondent is ordered to file an answer, he will be free to argue that this time should not be equitably tolled. If he does so, Petitioner will then be granted the opportunity to respond to that argument.

Equitably tolling this time means that none of the time between the filing of the first 60-1507 motion on July 1, 2010 and the KSC denying the petition for review of the KCOA's opinion in that matter on February 18, 2016 counts toward the one-year federal habeas limitation period. And since Petitioner's appeal from the partial denial of his second K.S.A. 60-1507 motion was not final until July 25, 2017, it appears that the federal habeas limitation period did not begin running again until July 26, 2017.[6] Thus, the federal habeas limitation period was tolled for a total of 2,582 days. Under this calculation, the new filing deadline for Petitioner to timely file a § 2254 petition was November 20, 2017.[7] Yet, despite Judge Crow's caution in the order of dismissal that Petitioner should promptly file his federal habeas petition, Petitioner did not resume his efforts to obtain federal habeas relief until August 9, 2024. Thus, it appears that this petition was not timely filed.

However, Petitioner may believe that he is entitled to additional statutory or equitable tolling. In addition, an exception to the AEDPA statute of limitations exists where a petitioner adequately asserts actual innocence. In federal court, "actual innocence 'serves as a gateway through which a petitioner may pass [when] the impediment is [the] expiration of the statute of limitations.'" *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). "Actual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). This is because the actual innocence exception exists to provide an avenue to remedy "the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 623-24.

---

[6] This time would likely be tolled under the statutory provision in 28 U.S.C. § 2244(d)(2).
[7] When 2,582 days are added to the initial deadline of October 25, 2010, the new deadline is November 19, 2017. Because that was a Sunday, the final day to timely file this § 2254 petition was the next business day, November 20, 2017.

To obtain the actual innocence exception to the federal habeas statute of limitations, Petitioner is not required to conclusively exonerate himself. *See Fontenot*, 4 F.4th at 1030. Rather, he must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).

The Court will grant Petitioner time in which to show cause in writing why this matter should not be dismissed as time-barred. If Petitioner successfully does so, the Court will resume the Rule 4 screening and issue further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED THAT** Petitioner is granted to and including **September 23, 2024**, in which to submit the certificate required to support his motion to proceed without prepayment of fees (Doc. 3) or pay the $5.00 filing fee for this matter.

**IT IS FURTHER ORDERED THAT** Petitioner is granted to and including **September 23, 2024**, in which to show cause, in writing, why this matter should not be dismissed due to his failure to file it within the applicable statute of limitations. If Petitioner fails to do so, this matter will be dismissed as time-barred without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 14th day of August, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge