IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALBERT EUGENE RICHMOND,

                Petitioner,

   v.                                                               CASE NO. 24-3137-JWL

DAN SCHNURR,

                Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Albert Eugene Richmond. The Court conducted an initial review of the Petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, on August 14, 2024, issued a notice and order to show cause directing Petitioner to show cause in writing why this matter should not be dismissed in its entirety because it was not timely filed. (Doc. 4.) Petitioner timely filed a response to the NOSC (Doc. 5), which is now before the Court. For the reasons stated below, the Court concludes that this matter must be dismissed as time-barred.

**Background**

In 2007, a jury in Crawford County, Kansas convicted Petitioner of first-degree premeditated murder and Petitioner was sentenced to prison without the possibility of parole for 50 years. (Doc. 1, p. 1); *see also State v. Richmond*, 289 Kan. 419, 422-23 (2009) (*Richmond I*). Petitioner pursued a direct appeal, but on July 24, 2009, the Kansas Supreme Court (KSC) affirmed Petitioner's conviction and sentence.

On July 1, 2010, Petitioner filed his first motion for state habeas corpus relief under K.S.A.

1

60-1507. *See Richmond v. State*, Crawford County Case No. 2010-CV-000002. The state district court appointed counsel to represent him (hereinafter referred to as "1507 counsel") and held an evidentiary hearing on the motion, after which it issued a written order denying relief. Petitioner appealed and the same attorney was appointed to represent him during the appeal. On October 26, 2012, the Kansas Court of Appeals (KCOA) issued its opinion affirming the district court's denial of relief, in part due to a failure to brief one of Petitioner's issues on appeal. *Richmond v. State*, 2012 WL 5366932, *4-5 (Kan. Ct. App. Oct. 26, 2012) (*Richmond II*). No petition for review was filed.

On June 24, 2013, Petitioner filed in Crawford County District Court a second motion for relief under K.S.A. 60-1507. *See Richmond v. State*, Crawford County Case No. 2013-cv-000055. This time, he argued that trial counsel was ineffective *and* that 1507 counsel was ineffective by failing to adequately brief that ineffectiveness to the KCOA and by failing to file a petition for review. The district court held an evidentiary hearing on the motion and ultimately denied relief on all grounds except 1507 counsel's failure to file a petition for review. The district court held that 1507 counsel's failure to advise Petitioner that he had a right to file a petition for review was unconstitutional ineffective assistance of counsel that required no showing of prejudice. Thus, the district court granted relief on that issue only and granted Petitioner 30 days in which to file his petition for review of the KCOA opinion in the first 60-1507 proceeding.

At this point, the road through Petitioner's state-court proceedings split. He timely filed a petition for review of the KCOA's October 2012 opinion in the first 60-1507 proceeding. The KSC denied the petition for review on February 18, 2016. Petitioner also, however, appealed the district court's March 2015 ruling in the second 60-1507 to the extent that it had denied relief. The KCOA took up the appeal of the March 2015 ruling.

Then, on March 18, 2016, while the KCOA appeal was pending, Petitioner filed in this Court a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. *Richmond v. Heimgartner*, Case No. 16-3058-JWL, Doc. 1. On June 1, 2016, United States Senior District Judge Sam A. Crow issued an order in that matter stating:

> The petition shows petitioner is pursuing an appeal from the denial of his second state post-conviction action under K.S.A. 60-1507, *Richmond v. State*, Case No. 114536 (KS Ct. App.). That matter does not involve the claims presented in this petition. Because petitioner likely will be barred from raising additional claims in a future petition, he should consider whether he wishes to proceed in this matter or to dismiss it without prejudice.

*Richmond v. Heimgartner*, Case No. 16-3058-JWL, Doc. 4, p. 1 (footnote omitted). Judge Crow further noted that 28 U.S.C. § 2244 requires "a petitioner to obtain prior authorization from the appropriate federal court of appeals to proceed in a second or successive application for habeas corpus relief." *Id.* at 1, n.1. Thus, Judge Crow directed Petitioner "to advise the court . . . whether he wishes to proceed in the present matter or whether he prefers to dismiss this matter without prejudice to allow him to exhaust the claims he is pursuing in the Kansas Court of Appeals." *Id.* at 1.

On June 10, 2016, the Court received from Petitioner a response that stated:

> In response to order signed by U.S. Senior Judge Sam Crow in regards of above case number to dismiss 28 U.S.C. 2254 in order to exaust pending issues in Kansas Court of Appeals. Petitioner has additional IAC claims thats now in the Kansas Court of Appeals Case Number 16cv236 as well as postconviction DNA matters Case Number 06-CR-472-G.
>
> I will like to dismiss my 28 U.S.C. 2254 without prejudice while I exaust the claims in Kansas Court of Appeals.

*Richmond v. Heimgartner*, Case No. 16-3058-JWL, Doc. 5 (all errors in original).

On June 23, 2016, Judge Crow issued an order construing the response as "seek[ing] the dismissal of this matter without prejudice." *Richmond v. Heimgartner*, Case No. 16-3058-JWL,

3

Doc. 6. Judge Crow granted the motion and dismissed the case without prejudice, but cautioned Petitioner that he had made "no finding on the time remaining on the limitation period under 28 U.S.C. § 2244(d)." *Id.* at 1. In a footnote, Judge Crow further emphasized: "Petitioner should present his claims in a future petition under 28 U.S.C. § 2254 without delay to avoid a possible time bar." *Id.* at 1 n.1.

On November 23, 2016, the KCOA issued its opinion affirming the district court's partial denial of Petitioner's second 60-1507 motion. *Richmond v. State*, 2016 WL 6915148, *1 (Kan. Ct. App. Nov. 23, 2016) (unpublished) (*Richmond III*), *rev. denied* July 25, 2017. Petitioner filed a petition for review, which the KSC denied on July 25, 2017.

On August 8, 2024, Petition filed a "motion to proceed" in his closed federal habeas case in this Court, in which he stated only that that federal habeas matter had been "dismissed without prejudice to avoid the possible future bar of claims petitioner was pursuing in sta[t]e post-conviction action" and "[t]he Court made no finding on the time remaining to file." *Richmond v. Heimgartner*, Case No. 16-3058-JWL, Doc. 8. The case was then reassigned to the undersigned, who on August 12, 2024, issued an order construing the motion as one to reopen the closed case. *Richmond v. Heimgartner*, Case No. 16-3058-JWL, Doc. 8.

The order explained that a dismissal without prejudice so that a state prisoner seeking federal habeas relief may exhaust available state-court remedies is different than a stay of the federal habeas proceedings. *Id.* at 2. Because Petitioner had not shown the exceptional circumstances required to reopen the closed case, the Court denied the request to reopen. *Id.* It did, however, direct the clerk to take the documents filed with the motion to proceed and file them as a new federal habeas action. That filing is what began the case now before this Court. (Docs. 1 and 2.)

4

On August 14, 2024, this Court issued a notice and order to show cause (NOSC) that advised Petitioner that his motion for leave to proceed in forma pauperis (Doc. 3) could not be processed until he submitted the financial certificate required to support his motion. (Doc. 4.) Petitioner was granted to and including September 23, 2024, in which to submit the certificate or, in the alternative, to pay the $5.00 filing fee.

The NOSC further explained that this matter appears to be barred by the applicable statute of limitations. (Doc. 4, p. 7-11.) After setting forth the relevant procedural history, the NOSC stated:

> In this matter, the KSC decided Petitioner's direct appeal on July 24, 2009. *See Richmond I*, 289 Kan. at 419. Petitioner therefore had until and including October 22, 2009[1] to file a petition for certiorari in the United States Supreme Court. As noted above, Petitioner has advised that he did not file a petition for certiorari, so on October 23, 2009, the one-year AEDPA limitation period began to run. Under the "anniversary method" used in the Tenth Circuit, unless Petitioner is entitled to tolling or an exception to the statute of limitations, which are discussed below, the final day for Petitioner to timely file his § 2254 petition in this Court was October 23, 2010. *See Hurst*, 322 F.3d at 1260. Since that was a Saturday, the final day to timely file was the following Monday, October 25, 2010.
>
> The AEDPA also includes a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, that means that the one-year AEDPA limitation period was tolled, or paused, when Petitioner filed his K.S.A. 6-1507 motion on July 1, 2010. The Tenth Circuit has explained that when this type of statutory tolling applies, the number of days that the relevant state-court matter is pending "is added to the one-year anniversary date to establish the final deadline for filing a § 2254 application in federal court." *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. Nov. 30, 2011) (unpublished) (citing *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011)).
>
> In this particular case, however, the complex procedural history in the state courts makes it difficult to determine the precise amount of statutory tolling to which Petitioner is entitled. Generally speaking, to determine how long a K.S.A.

---

[1] Rule 30 of the Rules of the Supreme Court of the United States explains that "the day of the act, event, or default from which the designated period begins to run is not included" but "[t]he last day of the period shall be included, unless it is a Saturday, Sunday, federal legal holiday" or another day on which the court is closed. For Petitioner, the 90-day period to file a petition for certiorari therefore began on July 25, 2009 and ran through October 22, 2009.

60-1507 proceeding was pending, this Court looks at the date on which the KSC denied relief or, if no petition for review was filed, this Court takes the date on which the KCOA denied relief and adds 30 days to account for the period in which the petitioner could have filed a petition for review. *See* Kan. S. Ct. R. 8.03(b)(1) (setting jurisdictional 30-day period for filing petition for review); *Kelley v. Pyror*, 2014 WL 6863481, *2 & n.13 (D. Kan. Dec. 3, 2014) (unpublished) (citing *Carey v. Safford*, 536 U.S. 214, 219-20 (2002), and *Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007)). Applied to this case, that would make the date on which Petitioner's first K.S.A. 60-1507 proceeding was final November 26, 2012.[2] If the one-year federal limitations period began the following day, it would have expired on approximately March 20, 2013.[3] Petitioner did not file his first § 2254 petition in this Court until June 2016.

But, as detailed above, Petitioner later filed in Crawford County District Court a second motion for relief under K.S.A. 60-1507 claiming ineffective assistance by 60-1507 counsel by not advising him of his right to file a petition for review. *See Richmond v. State*, Crawford County Case No. 2013-cv-000055. And the Kansas district court agreed, holding that the failure to file a petition for review was caused by ineffective assistance of counsel that violated Petitioner's federal constitutional rights. Accordingly, after Petitioner pursued his second, partly successful K.S.A. 60-1507 motion, the KCOA withdrew its mandate in the first K.S.A. 60-1507 proceeding and Petitioner then filed a petition for review, which was not denied until February 18, 2016.

The Court is inclined at this early point in these proceedings to assume without deciding that the time between the KCOA's opinion in Petitioner's first K.S.A. 60-1507 proceeding and the KSC's ultimate denial of the petition for review of that opinion should be equitably tolled.[4] The one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Arguably, the ineffective assistance of 1507 counsel could provide the sort of exceptional circumstances that warrant equitable tolling.

Equitably tolling this time means that none of the time between the filing of the first 60-1507 motion on July 1, 2010 and the KSC denying the petition for review of the KCOA's opinion in that matter on February 18, 2016 counts toward the one-year federal habeas limitation period. And since Petitioner's appeal from the partial denial of his second K.S.A. 60-1507 motion was not final until July 25,

---

[2] Thirty days after October 26, 2012, which was when the KCOA issued its opinion is November 25, 2012. Because that is a Sunday, the time to file a petition for review extended through the next business day, which was Monday, November 26, 2012.

[3] The period from July 1, 2010—when Petitioner filed his first 60-1507—to November 26, 2012—when the time expired to file a petition for review in that action—is a total of 880 days. When 880 days is added to the original federal habeas deadline of October 22, 2010, the new deadline is March 20, 2013.

[4] This assumption is not binding and if this case progresses to the point at which Respondent is ordered to file an answer, he will be free to argue that this time should not be equitably tolled. If he does so, Petitioner will then be granted the opportunity to respond to that argument.

>2017, it appears that the federal habeas limitation period did not begin running again until July 26, 2017.[5] Thus, the federal habeas limitation period was tolled for a total of 2,582 days. Under this calculation, the new filing deadline for Petitioner to timely file a § 2254 petition was November 20, 2017.[6] Yet, despite Judge Crow's caution in the order of dismissal that Petitioner should promptly file his federal habeas petition, Petitioner did not resume his efforts to obtain federal habeas relief until August 9, 2024. Thus, it appears that this petition was not timely filed.

(Doc. 4, p. 8-11 (footnotes in original).)

The NOSC acknowledged, however, that Petitioner may believe that he is entitled to additional statutory or equitable tolling or that he is entitled to the actual innocence exception to the statute of limitations. *Id.* at 11. Thus, the NOSC explained the circumstances under which the actual innocence exception applies and it granted Petitioner time in which to show cause why this matter should not be dismissed as time-barred. *Id.* at 11-12.

Petitioner timely filed his response on August 21, 2024. (Doc. 5.) Therein, he advises that he has exhausted his ineffective assistance of counsel claim that was pending at the time his previous federal habeas matter was dismissed and that he does not intend to seek federal habeas review on the DNA issue currently pending in the state courts. *Id.* at 1. He also points out that Judge Crow dismissed the previous federal habeas case without prejudice and expressly made no finding on the time remaining in the federal habeas limitation period. *Id.* Thus, Petitioner asks that this case proceed. *Id.*

Even liberally construing the response, Petitioner does not allege facts that show he is entitled to additional statutory or equitable tolling than that which was included in the analysis set forth in the NOSC. Although Petitioner emphasizes that Judge Crow did not make an express finding on the amount of time in the federal habeas limitation period, this Court again points out

---

[5] This time would likely be tolled under the statutory provision in 28 U.S.C. § 2244(d)(2).
[6] When 2,582 days are added to the initial deadline of October 25, 2010, the new deadline is November 19, 2017. Because that was a Sunday, the final day to timely file this § 2254 petition was the next business day, November 20, 2017.

that Judge Crow cautioned Petitioner to file his future federal habeas petition "without delay," yet Petitioner waited more than 7 years after his state-court proceedings were final in 2017 to resume his efforts to obtain federal habeas relief. (*See* Doc. 4, p. 5, 11.) Thus, the lack of an express finding by Judge Crow on the statute of limitations does not persuade this Court that Petitioner is entitled to additional equitable tolling, nor does it otherwise persuade the Court to alter its prior analysis of the timeliness of this matter. In addition, even liberally construed, Petitioner's response to the NOSC does not seek the actual innocence exception to the federal habeas statute of limitations. Thus, the Court maintains its prior conclusion that this matter must be dismissed as time-barred.

Because this matter must be dismissed as time-barred, the Court will deny the pending motion to proceed in forma pauperis (Doc. 3) as moot and Petitioner need not submit the financial certificate required to support that motion or pay the $5.00 filing fee.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that the procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED THAT** this matter is dismissed with prejudice as time-

barred. The pending motion to proceed in forma pauperis (Doc. 3) is therefore **denied as moot** and Petitioner is no longer required to submit certificate required to support that motion or to pay the $5.00 filing fee for this matter. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 5th day of September, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
